UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Civil No. 3:00CV002107 (AVC) |
| VS. | : |
| EROLL V. SKYERS, | : |
| Defendant. | : February 26, 2004 |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S APPLICATION
FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANT SHOULD NOT BE
HELD IN CIVIL CONTEMPT**

The United States of America, seeks an Order requiring defendant, Eroll V. Skyers, to show cause why he should not be held in civil contempt of this Court's September 29, 2003 Order for Installment Payments. Eroll V. Skyers has violated the Order by failing to make payments toward satisfaction of his civil debt in accordance with this Court's Order.

## STATEMENT OF FACTS

Eroll V. Skyers is a practicing attorney in Connecticut. Mr. Skyers stipulated to the entry of a civil judgment based upon federally insured student loans Mr. Skyers obtained between 1988 and 1991, that were ultimately declared in default. The defaulted student loans were then assigned to the United States Department of Education, and the Government commenced this collection action on November 1, 2000.

The parties' Stipulation was approved by this Court on September 27, 2001, and provided for monthly payments. Mr. Skyers made one payment in accordance with the Stipulation and then defaulted on the payment agreement.

At the conclusion of a debtor examination held on September 29, 2003, this Court entered its Order for Installment Payments, ordering the defendant to immediately commence regular monthly payments in the amount of $600.00 per month, due on the last Friday of each and every month toward satisfaction of Mr. Skyers' debt.

Mr. Skyers made two $600.00 payments on November 4 and December 10, 2003, and has since failed to make any further payment toward satisfaction of his debt, in violation of this Court's Order for Installment Payments.

As of February 25, 2004, Mr. Skyers' debt to the Government totals $94,378.57, with interest continuing to accrue in the amount of $11.20 per day.

ARGUMENT

1. The Contempt

A civil contempt is remedial in nature and serves only the purpose of the party litigant, and is intended to coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance. See Shillitani v. United States, 384 U.S. 364, 368-70 (1966); Nye v. United States, 313 U.S. 33, 42 (1941); Gompers v. bucks Stove and Range Co., 221 U.S. 418, 442 (1911).

To establish grounds for contempt, the movant must show: (1) that the order with which the contemnor failed to comply is clear and unambiguous; (2) that proof of noncompliance is

remedies"). However, prior to the imposition of coercive civil penalties, the contemnor must be provided with an opportunity to purge himself of contempt. Int'l Union United Mine Workers v. Bagwell, 512 U.S. 821, 828 (1994). Thus, the United States seeks the imposition of a penalty only if Mr. Skyers is unable to purge himself of contempt by complying with the payment order within the time prescribed by the Court.

Here, the record supports a finding of contempt, and an award of the relief sought by the United States. Mr. Kyers has a long history of ignoring his student loan obligations, and this Court's orders of September 27, 2001 and September 29, 2003. Enforcement of this Court's orders, along with the opportunity to purge by demonstrating full compliance, would be appropriate. Similarly, an order to ensure ongoing compliance with the order would assist in deterring future acts of contempt.

## CONCLUSION

For these reasons, the United States requests that this Court order Eroll V. Skyers to show cause why he should not be held in contempt for his failure to comply with the Court's September 29, 2003 Order.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

CHRISTINE SCIARRINO
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT3393
P.O. Box 1824
New Haven, CT 06510
Tel.: (203) 821-3780

4