UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Docket No. 3:00CV2107 (AVC) |
| VS. | : | |
| EROLL V. SKYERS, | : | |
| Defendant. | : | August 17, 2005 |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF
SECOND MOTION TO FIND DEFENDANT IN CIVIL
CONTEMPT OF INSTALLMENT PAYMENT ORDER

The United States of America hereby files this memorandum requesting that the Defendant, Eroll Skyers, be found in civil contempt of this Court's previous Order for Installment Payments, entered September 29, 2003.

Statement of Facts

On November 1, 2000, the United States commenced this civil collection action against the Defendant, Eroll Skyers, to enforce payment of federally insured student loans that Defendant Skyers had obtained and then defaulted upon.

On March 7, 2001, the United States obtained a Default Judgment against Defendant Skyers in the amount of $70,843.16, plus interest.

On May 4, 2001, the United States mailed financial discovery requests to Defendant Skyers, but he failed to respond to the request. Accordingly, the United States requested a debtor examination, which was scheduled by the Court on July 16, 2001. The hearing was first postponed based on Defendant Skyers representations that he would comply with the outstanding

discovery request. The hearing was rescheduled to September 17, 2001. Defendant Skyers failed to timely appear at the September 17, 2001 debtor examination and a capias was issued. Defendant Skyers later appeared and the parties were subsequently able to reach a payment arrangement through a voluntary stipulation.

On September 27, 2001, this Court approved the stipulation executed by Defendant Skyers, in which he agreed to commence regular monthly payments on October 1, 2001 in the amount of $100.00. Defendant Skyers missed the first payment, made one payment on November 7, 2001 in the amount of $13.40, and then defaulted. *See* attached payment history.

Defendant Skyers made no other payments until he paid $5,000.00 on April 8, 2002 in consideration of the United States' release of a lien on real property owned by Defendant Skyers, which was then sold. No additional payments were made for over a year.

Thus, on August 13, 2003, the United States mailed out a second financial discovery request to Defendant Skyers. Defendant Skyers again failed to respond to the discovery request and accordingly, the United States requested a debtor examination.

The debtor examination was scheduled on September 26, 2003; Defendant Skyers failed to appear; and for a second time a capias was issued for Defendant Skyers' arrest. A debtor examination was then held on September 29, 2003, and based upon the financial information elicited from Defendant Skyers, this Court determined the Defendant's ability to pay and entered an Order for Installment Payments (attached). Defendant Skyers was ordered to immediately commence regular monthly payments in the amount of $600.00. Defendant Skyers made two $600.00 payments pursuant to the Installment Payment Order, on October 1, 2003 and December 10, 2003, and then defaulted.

In February, 2004, the United States filed an application seeking to hold Defendant

Skyers in contempt of this Court's Order for Installment Payments. A show cause hearing was held on March 22, 2004, at which time the Court found Defendant Skyers in contempt and ordered that he be committed to the custody of the Bureau of Prisons until such time as he purged his default. Later that day, Defendant Skyers paid $1,200.00 and was released from custody. Since his release, Defendant Skyers has made a total of five payments, as follows. A $500.00 payment on April 21, 2004; and four $600.00 payments on July 15, 2004, October 1, 2004, December 22, 2004 and May 16, 2005.

Defendant Skyers has made no payments since May, 2005, and is again in non-compliance with this Court's September 30, 2003 Order for Installment Payments.

As of August 16, 2005, Defendant Skyers' debt to the United States totals $96,451.38, with interest continuing to accrue in the amount of $11.67 per day.

The Defendant, Eroll V. Skyers, is a practicing attorney in Connecticut. Defendant Skyers regularly appears before this Court, and is a participant in this Court's Criminal Justice Act ("CJA") panel, representing indigent criminal defendants.

Argument

I. The Contempt

A civil contempt is remedial in nature and serves only the purpose of the party litigant, and is intended to coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance. See Shillitani v. United States, 384 U.S. 364, 368-70 (1966); Nye v. United States, 313 U.S. 33, 42 (1941); Gompers v. Bucks Stove and Range Co., 221 U.S. 418, 442 (1911).

To establish grounds for contempt, the movant must show: (1) that the order with which the contemnor failed to comply is clear and unambiguous; (2) that proof of noncompliance is

clear and convincing; and (3) that the contemnor has not diligently attempted to comply in a reasonable manner. EEOC v. Local 638, Sheet Metal and Air Conditioning Contractors, 81 F.3d 1162, 1171 (2d Cir. 1996)(citing United States v. Local 1804-1 Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1096 (2d Cir. 1995)); King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)(citation omitted).

Here, the requirements for finding Defendant Skyers in contempt of this Court's September 30, 2003 Order for Installment Payments are easily met. An order is "clear and unambiguous" when the contemnor is "able to ascertain from the four corners of the order precisely what acts are forbidden [or required]." King, 65 F.3d at 1058 (quoting Drywall Tapers, Local 1974 v. Local 530, Operative Plasterers Int'l Ass'n., 889 F.2d 389, 395 (2d Cir. 1989). This Court's September 30, 2003 Order for Installment Payments could not have been more clear. Defendant Skyers was required to commence monthly payments of $600.00 per month.

The proof of noncompliance is also clear. Defendant Skyers has failed to comply with the monthly payment schedule set forth in the Installment Payment Order. This disregard of the payment schedule despite Defendant Skyers' continuing practice of law establishes the third criterion for finding contempt, which is that Defendant Skyers has not diligently attempted to comply with this Court's Order.

II. The Sanction

A civil contempt sanction should either seek to "coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." King, 65 F.3d at 1062; Weitzman v. Stein, 98 F.3d 717, 710 (2d Cir. 1996). "[T]he district judge, sitting in equity, is vested with wide discretion in fashioning a remedy." Weitzman, 98 F.3d at 719 (citations omitted). See also King, 65 F.3d at 1062 (citation omitted)("[t]he district court has broad discretion in fashioning coercive remedies"). However, prior to the imposition of coercive civil penalties, the contemnor must be provided with an opportunity to purge himself of contempt. Int'l Union United Mine Workers v. Bagwell, 512 U.S. 821, 828 (1994). Thus, the United States seeks the imposition of a penalty only if Defendant Skyers is unable to purge himself of contempt by immediately paying his defaulted monthly payments required by this Court's Order.

Specifically, since the entry of the Installment Payment Order, Defendant Skyers should have paid a total of $13,800.00 as of August, 2005 (23 months x $600 per month = $13,800). In fact, Defendant Skyers has paid a total of only $5,300.00 since the entry of the Order, leaving a balance of $8,500.00 unpaid ($13,800.00 - $5,300.00 = $8,500.00). Accordingly, in order to purge himself, Defendant Skyers should be required to pay $8,500.00 immediately (as of August 26, 2005).

The Government respectfully requests that Defendant Skyers again be found in contempt of this Court's September 30, 2003 Installment Payment Order; and also be provided the opportunity to immediately purge himself of his contempt. Should Defendant Skyers fail to purge his contempt immediately by failing to pay $8,500.00, the United States requests that the Clerk be directed to remove Defendant Skyers from this Court's CJA panel.

Furthermore, the United States requests that if Defendant Skyers fails to purge himself, that he be barred from appearing before this Court in any matter until the contempt has been purged.

Finally, the United States respectfully requests that the finding of contempt be continuing in nature to coerce future compliance with the Installment Payment Order, particularly in light of Defendant Skyers' record in this case. Defendant Skyers is a classic deadbeat-- failing to respond, appear and/or comply with court orders; paying a relatively small amount only when faced with severe consequences; and repeated defaults dating back to January 20, 1993, when he first defaulted on his student loans. Thus, the United States requests that should Defendant Skyers purge himself now, but again default upon his monthly payments at any time in the future, then upon written notification by the United States to the Clerk of Court, the Clerk will be authorized to remove Defendant Skyers from the CJA panel and bar his appearance before this Court.

## Conclusion

Here, the record supports a finding of contempt, and an award of the relief sought by the United States. The United States respectfully requests that its motion be granted as soon as possible to deter future acts of contempt.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney


Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06510
(203) 821-3780
Federal No. CT3393

<u>Certification</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 17th day of August, 2005 to:

Eroll V. Skyers
One Crozier Court
Oxford, CT 06478

_____
Christine Sciarrino